**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| E.A.P.C., | No. 1:25-cv-01546 JLT CDB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART PETITIONER'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 2412 |
| v. | |
| MINGA WOFFORD, *et al.*, | |
| Respondents. | (Doc. 28) |

E.A.P.C. is a former federal detainee proceeding by counsel. He initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 on November 12, 2025. (Doc. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On June 18, 2026, the assigned magistrate judge issued findings and recommendations to grant in part Petitioner's motion for award of attorneys' fees pursuant to 28 U.S.C. § 2412. (Doc. 28.) Specifically, the magistrate judge recommended that Respondents be ordered to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $5,828.30 and that Petitioner's requests for additional awards of $3,098.00 in costs under 28 U.S.C. § 1920 and of $1,615.37 in fees be denied. *Id.* at 8. The Court served the findings and recommendations on all parties. Respondents timely filed objections (Doc. 29.) Petitioner did not file objections but, instead, filed a reply to Respondents' objections on July 7, 2026. (Doc. 30.)

1

In their objections, Respondents object to the findings and recommendations for the same reasons advanced in Respondents' earlier filing, to wit, that their position regarding mandatory detention under 8 U.S.C. § §1225(b) is substantially justified. (Doc. 29 at 1.) Respondents further object to the recommendations, contending for the first time that the EAJA "does not authorize an award of attorney fees in habeas corpus proceedings." (*Id.* at 1-2.) Respondents argue the Court should either sustain their objections or decline to rule on the motion for attorneys' fees while relevant litigation unfolds at the United States Supreme Court. (*Id.* at 2 (citing *Montoya Palacios v. Liggins*, No. 25-1223, __ S. Ct. __, 2026 WL 1855057 (June 29, 2026) (granting writ of certiorari).)

In reply, Petitioner requests the Court adopt the findings and recommendations in full and award Petitioner attorneys' fees and expenses under the EAJA.[1] (Doc. 30 at 1-2.)

Respondents' newly raised argument in their objections that Petitioner's motion should be denied because an immigration habeas proceeding does not constitute a "civil action" under the EAJA is improper. "Arguments raised for the first time in objections to the findings and recommendations are waived." *Williams v. Baker*, No. 1:16-cv-01540-DAD-JDP, 2019 WL 1369889, at *1 (E.D. Cal. Mar. 26, 2019) (citing *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) (stating that it was "entirely appropriate" for a district court to decline to consider arguments not raised before the magistrate judge), overruled on other grounds by *United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).) That is because "allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Greenhow*, 863 F.2d at 638. Thus, "the court will not consider any new proposed undisputed facts and/or any arguments that were never presented to the Magistrate Judge and were made for the first time in the objections." *Chappell v. Dickerson*, No. 1:96-cv-5576-AWI-DLB (PC), 2007 WL 1725683, at *2 (E.D. Cal. Jun. 14, 2007.) Accordingly, because Respondents waived the

---

[1] Because Petitioner did not file objections to the findings and recommendations regarding counsel's submission of hourly calculations that were "inadvertently omitted from his reply regarding the time spent litigating this EAJA motion" but proffers that information in the first instance in response to Respondents' objections, Petitioner's request for additional fees of $710.76 for "an additional 2.75 hours [spent] in connection to the litigation of the present motion" (Doc. 30 at 5-6) is disregarded.

argument, the Court does not consider it.

The Court further declines Respondents' invitation to hold in abeyance ruling on Petitioner's motion pending appellate proceedings given binding Ninth Circuit authority that EAJA fees may be awarded to a prevailing petitioner in an immigration habeas proceeding. *See In re Hill*, 775 F.2d 1037, 1040-41 (9th Cir. 1985.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, **IT IS HEREBY ORDERED**:

1. The findings and recommendations issued on June 18, 2026 (Doc. 28) are **ADOPTED** in full.

2. Petitioner's motion for award of attorneys' fees pursuant to 28 U.S.C. § 2412 (Doc. 23) is **GRANTED IN PART**:

    a. Respondents are **ORDERED** to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $5,828.30.

    b. This award shall be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

    c. Petitioner's request for an additional award of $3,098.00 in costs under 28 U.S.C. § 1920 (Doc. 23 at 10-11) is **DENIED**.

    d. Petitioner's request for an additional award of $1,615.37 in fees (Doc. 27 at 4) is **DENIED**.

IT IS SO ORDERED.

Dated:  July 9, 2026

UNITED STATES DISTRICT JUDGE

3